IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: Czeslaw Sadko,            )
                                 ) CASE NO. 13 B 47001
                                 ) HON. Timothy A. Barnes
                                 ) CHAPTER 13
              Debtor.            )

## NOTICE OF MOTION

TO:

Marilyn O. Marshall, 224 South Michican, Ste. 800, Chicago, IL 60604;
(Via Electronic Notice);

Czeslaw Sadko, 8227 West Oconnor, Apt. 1NW, River Grove, IL 60171;

    PLEASE TAKE NOTICE that on Monday, March 3, 2014 at 10:30 am I shall appear before the Honorable Timothy A. Barnes in room 613 of the Federal Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois and present the attached motion and you may appear if you so choose. The bankruptcy court will hold a hearing to consider a request by Debtor(s) Counsel for payment of legal fees in the amount of $2,000.00 plus expenses of $173.00, if there are no objections, the Court may confirm the plan and allows fees requested by the Debtor's counsel to be paid through the plan.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he sent the attached motion on December 13, 2013 to:

The Chapter 13 Trustee listed above via electronic notice; and

Czeslaw Sadko, 8227 West Oconnor, Apt. 1NW, River Grove, IL 60171.


/s/ *Jason S. Landgraf*
Attorney for Debtor(s)
The Law Office of Jason Landgraf
5720 W. Belmont Ave., Unit A
Chicago, IL 60634
773-717-7700

**B9I (Official Form 9I)** (Chapter 13 Case) (12/12)        Case Number **13–47001**

# UNITED STATES BANKRUPTCY COURT
**Northern District of Illinois**

## *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines*

The debtor(s) listed below filed a chapter 13 bankruptcy case on 12/7/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors –– Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Czeslaw Sadko
8227 West Oconnor
Apartment 1NW
River Grove, IL 60171

| | |
|---|---|
| Case Number: 13–47001<br>Office Code: 1 | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx–xx–2532 |
| Attorney for Debtor(s) (name and address):<br>Jason S Landgraf<br>LandgrafLaw<br>8600 Georgiana<br>Morton Grove, IL 60053<br>Telephone number: 773–717–7700 | Bankruptcy Trustee (name and address):<br>Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604<br>Telephone number: 312–431–1300 |

## Meeting of Creditors:
Date: **February 3, 2014**        Time: **01:00 PM**
Location: **224 South Michigan, Suite 800, Chicago, IL 60604**
**All debtors are required to attend and bring a picture ID and proof of their Social Security Number to the 341 meeting.**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): **5/5/14**    For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)): **6/5/14**

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Filing of Plan, Hearing on Confirmation of Plan and Attorney Fees**
The debtor has not filed a plan as of this date. You will receive notice of the plan at a later date. The hearing on confirmation and to consider a request by debtor's counsel for payment of legal fees will be held:
Date: **3/3/14**, Time: **10:30 AM**, Location: **219 South Dearborn, Courtroom 613, Chicago, IL 60604** .
**The Disclosure of Compensation has not been filed at this time.**
If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 4/4/14**

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604<br>Telephone number: 1–866–222–8029 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Kenneth S. Gardner |
| Hours Open: Monday – Friday 8:30 AM – 4:30 PM | Date: December 9, 2013 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: Czeslaw Sadko            ) Case No. 13-47001
                                ) Hearing Date: March 3, 2014 at 10:30am
Debtor(s)                       ) Judge Timothy A. Barnes

**ATTORNEY'S APPLICATION FOR COMPENSATION FOR REPRESENTING CHAPTER 13 DEBTOR(S)**
(Use for cases filed on or after 8/21/2012)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**
The attorney and the debtor(s) [✓] have [ ] have not entered into the Court-Approved Retention Agreement.

**Attorney Certification:**
The attorney hereby certifies that:
1. All disclosures required by General Order 11-2 have been made, and
2. If a Flat Fee is requested, the attorney and the debtor have not entered into any other agreements that provide for the attorney to receive (a) any kind of compensation, reimbursement, or other payment or (b) any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement.

**Compensation for services previously awarded in this case:**
[✓] None    [ ] a total of $_____, pursuant to orders entered on the following dates: _____.

**Compensation for services now sought in this case:**
  $2,000.00 flat fee for services through case closing    $_____ for itemized services (itemization attached).

**Reimbursement now sought for expenses advanced by the attorney:**
  $0.00 for filing fee paid by the attorney with the attorney's funds
  $173.00 for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization attached)

  $173.00 Total reimbursement for expenses requested.

**Additional expenses incurred in the case for which the attorney is not seeking reimbursement (either paid by the debtor(s) directly or paid by the attorney with funds provided by the debtor(s)):**
  $_____ for filing fee
  $_____ for other expenses, itemized as follows:
      $_____ Describe expenses: _____
      $_____ Describe expenses: _____
      (add more lines if needed)

  $_____ Total non-reimbursable expenses pre-paid by the debtor (this amount not to appear on fee order).

**Funds received from debtor for services and expenses advanced by the attorney:**
  [ ] None
  $2,000.00 for services
  $_____ for expenses advanced by the attorney

**Itemization of time:** [✓] Not submitted    [ ] Attached to this application.

Date of Application: December 13th, 2013        Attorney's signature: /s/ Jason S. Landgraf

Jason S. Landgraf
Landgraf Law
5720 W. Belmont Ave., Unit A
Chicago, IL 60634
(773) 717-7700

Form No. 23, revised 8/21/12

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: Czeslaw Sadko, | ) |
| | ) CASE NO. 13 B 47001 |
| | ) HON. Timothy A. Barnes |
| | ) CHAPTER 13 |
| Debtor. | ) |

**MOTION FOR APPROVAL OF ATTORNEY FEES FOR DEBTOR'S COUNSEL**

1. That the Debtor filed a petition for relief pursuant to Chapter 13 Title 11 U.S.C.

2. That this Honorable Court has not yet confirmed the Debtor's Chapter 13 plan.

3. That per the model retention agreement entered into between Debtor and Debtor's attorney on 11/09/2013, Debtor still has an outstanding balance for legal services of $2,000.00. Please see Court-Approved Retention Agreement attached to this motion.

4. Please find an itemization below of all expenses relating to Debtor's Chapter 13 filing:

**EXPENSES**

| **Expense** | **Dated Incurred** | **Total Charge** |
|---|---|---|
| Copy costs | 11/09/2013 | $20.00 |
| | | (200 pages/ .10 per copy) |
| Postage Costs | 11/09/2013 | $10.00 |
| Credit Report | 11/09/2013 | $23.00 |
| Credit Counseling | 11/09/2013 | $20.00 |
| Comparative Market Analysis | 11/09/2013 | $100.00 |
| | **TOTAL CHARGE** | $173.00 |

5. That Debtor's Counsel requests an award for attorney fees in the amount of $2,000.00 and expenses in the amount of $173.00.

WHEREFORE, Debtor's Counsel prays this Honorable Court for entry of an order awarding $2,000.00 for attorney fees and $173.00 in expenses to Debtor's Counsel.

Respectfully submitted,
/s/ *Jason S. Landgraf*
Attorney for Debtors
The Law Office of Jason Landgraf
5720 W. Belmont Ave
Chicago, IL 60634
773-717-7700

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Court-Approved Retention Agreement, revised as of March 15, 2011)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

### *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

## *AFTER THE CASE IS FILED*

### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

2

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly repre-sent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and com-pleteness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

### *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

$ *4000*.

3

Prior to signing this agreement the attorney has received $2000.00, leaving a balance due of $ 2000. . In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

[✓]   Any retainer received by the attorney will be treated as an advance payment, allowing the attorney to take the retainer into income immediately. The reason for this treatment is the following: Client understands that any funds that client is tendering to The Law Office of Jason Landgraf as part of this advance payment retainer shall immediately become the property of The Law Office of Jason Landgraf in exchange for a commitment by The Law Office of Jason Landgraf to provide the legal services described above. Said funds will be deposited into the main bank account owned by The Law Office of Jason Landgraf and will be used for general expenses of the firm. Client further understands that it is ordinarily the client's option to deposit funds with an attorney that shall remain client's property as security for future services. However, The Law Office of Jason Landgraf does not represent clients under such a security retainer because the preparation of a bankruptcy case requires many disparate tasks and functions for the attorney and support staff, some of which require legal expertise while others may be only ministerial in nature. Client further understands that the benefit that client is receiving under this fee arrangement is the commitment of The Law Office of Jason Landgraf to perform any and all work reasonably necessary to represent client's interests absent any extraordinary circumstances.

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: 11-9-2013

Signed:
Gestaur Sadho                     /s/ Jason Landgraf
                                  Attorney for Debtor(s)

Debtor(s)
Do not sign if the fee amounts at top of this page are blank.

4